7728

BROWN v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—PASSENGER—CHARGE.—The modification of the request to charge that it was the duty of the carrier to stop long enough for passengers desiring to alight to do so, and that it was not its duty to see that such passengers had actually alighted by reading the statute, *held* not to have led the jury to infer it was the duty of the carrier to see that passengers had alighted.

2. ATTORNEYS.—BURDEN is on appellant to show comment of attorney on previous verdict was harmful, and where the record does not show what the comments were this Court cannot consider the exception.

Before MEMMINGER, J., Richland, October Term, 1909. Affirmed.

Action by John W. Brown against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Barron, Moore & Barron* and *R. B. Herbert,* for appellant, cite: *Right to have requests charged or refused:* 67 S. C. 199; 66 S. C. 242. *Carrier is not required to see*

*if passengers had alighted:* 67 S. C. 61.   *Reference to former verdict by counsel was improper:* 59 S. C. 101.

*Messrs. DePass & DePass,* contra, .cite: *Appellant's request was not refused, but modified so as to state the law correctly:* 67 S. C. 199.   *No remarks of counsel as to former verdict could have prejudiced the jury:* 59 S. C. 101; 65 S. C. 248.

December 1, 1910.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  Plaintiff was a passenger on one of defendant's trains.  While getting off at a station at which the train had stopped to let passengers on and off, he was thrown by a sudden movement of the train and injured, so that his leg had to be cut off.  He recovered judgment against defendant for $1,000 damages.

One of the defendant's requests to charge was: "A railway company is only required to stop its trains long enough for passengers desiring to alight to do so, and it is, not charged with the duty of seeing that such passengers have actually alighted."  The Court charged the request as follows: "I can only charge you that in connection with the statute, which I have already read to you, that a railroad shall cause all its trains for passengers to entirely stop upon each arrival at a station advertised by said company as a station for receiving passengers upon said train, for a sufficient time to receive and let off passengers."

The error assigned is that the modification led the jury to believe that it was defendant's duty to see that all passengers had alighted before the train could be moved.  We do not think the jury could have been so misled.  The whole proposition was charged · in connection with the statute, which modified only the first sentence, which was faulty in that it did not include time for passengers to get

on as well as to get off, as the statute requires. The jury must have understood that the last part of the proposition was charged without modification.

The next assignment of error is in allowing plaintiff's counsel to comment upon the verdict found by the jury in a previous trial. The record fails to show what the comments were. They may have been entirely harmless. The burden is upon appellant to show that it was prejudiced by such comments. *State* v. *Duncan,* 86 S. C. 370.

Judgment affirmed.